UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE RAHMAAN

    Petitioner,

v.                                               Civil Case No. 8:18-CV-626-T-27SPF
                                                         Crim Case No. 8:16-CR-339-T-27SPF

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner Rahmaan's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 3), the United States' Response (cv Dkt. 7), and Rahmaan's Reply (cv Dkt. 8). Upon review, Rahmaan's § 2255 motion (cv Dkt. 3) is **DENIED**.

## BACKGROUND

In 2016, a grand jury returned a 23-count indictment charging Rahmaan and his co-conspirators with multiple counts of conspiracy, fraud, and aggravated identity theft. (cr Dkt. 1). Their scheme included the use of stolen personally identifiable information to file false tax returns and to obtain and use fraudulent credit cards. (Id.). Pursuant to a written plea agreement, Rahmaan pleaded guilty to two counts: conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Sixteen). (cr Dkt. 105). The remaining counts against him were dismissed at sentencing. (cr Dkt. 177 at 27).

At his change of plea hearing, Rahmaan stipulated to the plea agreement's factual basis. (cr Dkt. 179 at 20). He also acknowledged that he understood the charges against him (id. at 18-19), had discussed the plea agreement with his counsel (id. at 4, 7), and was fully satisfied with

1

his representation (id. at 14). He further confirmed that no one forced him or promised him anything in exchange for his guilty plea (id. at 7), and that by pleading guilty he was giving up constitutional rights, including his right to a jury trial (id. at 8, 13-14). The Court explained that an advisory guidelines range would be determined based on the United States Sentencing Guidelines and confirmed that Rahmaan understood the sentencing process. (Id. at 10-11). The Court further explained, and Rahmaan stated that he understood, that the decision of whether a motion to reduce sentence would be filed rested entirely with the government, and that "whatever decision that is, your plea agreement says that you'll accept it and not complain about it in court." (Id. at 5-6).

The Court then proceeded to explain the penalties he faced on Counts One and Sixteen if he were to plead guilty. (Id. at 8-10). In doing so, the Court noticed an error in the plea agreement, which stated that Count Sixteen had a "maximum sentence of two years imprisonment, which is consecutive to any term of imprisonment in Count One . . . ." (Id. at 8). Rahmaan's counsel and the Assistant United States Attorney acknowledged the error and informed the Court that the provision should read two years "mandatory." (Id. at 8-9). The Court restated the correct penalties on the record. (Id.). Afterwards, the Court confirmed with Rahmaan on multiple occasions that his conviction under § 1028A would carry a mandatory 24-month consecutive sentence. (Id. at 8-10, 12). Rahmaan's plea was found to be knowing, intelligent, and voluntary, and he was adjudicated guilty. (Id. at 21; cr Dkt. 113).

According to the presentence investigation report ("PSR"), the Probation Office determined that Rahmaan's offense level was 23. (cr Dkt. 150, PSR ¶ 55). With a three-level reduction for acceptance of responsibility and a criminal history category of I, Rahmaan's guideline range was 46 to 57 months imprisonment, followed by the mandatory two-year consecutive term of imprisonment for violating § 1028A. (Id. ¶¶ 53-55, 107-108). In accord with

the plea agreement, the United States moved for a two-level reduction pursuant to U.S.S.G. § 5K1.1. (cr Dkt. 158; cr Dkt. 177 at 3, 9-11).

Counsel filed two objections to the PSR, arguing that it overrepresented the number of victims and challenging a prior conviction detailed in Rahmaan's criminal history. (cr Dkt. 150 at 30). At sentencing, counsel withdrew the objection pertaining to the number of victims. (cr Dkt. 177 at 3-4). And despite finding that counsel's second objection had merit, the Court determined, and counsel conceded, that it had no impact on Rahmaan's guidelines. (Id. at 4, 8-9).

The Court also granted a downward departure based on Rahmaan's substantial assistance, which resulted in a guidelines range of 37 to 46 months as to Count One. (Id. at 11). After consideration of the § 3553(a) factors, the Court sentenced Rahmaan to 37 months imprisonment on Count One and 24 months imprisonment on Count Sixteen, the terms to run consecutively, followed by three years of supervised release on Count One, and one year of supervised release on Count Sixteen, to run concurrently. (Id. at 24-25). Rahmaan did not appeal.[1]

In his timely amended § 2255 motion, Rahmaan raises three grounds for relief. (cv Dkt. 3). In each ground, Rahmaan asserts a claim of ineffective assistance of counsel. Moreover, Grounds One and Three include additional claims independent of his claims of ineffective assistance.[2]

---

[1] The plea agreement included an appeal waiver, by which Rahmaan

> expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(cr Dkt. 105 at 15).

[2] This Court is mindful of its responsibility to address and resolve all claims raised in Rahmaan's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

In Ground One, Rahmaan contends that:

> The plea agreement is contradictory and misleading as to the government's obligations. The plea agreement states "in accordance with the policy of the United States Attorney for the Middle District of Florida" yet it goes on to state "[the decision to move the court for a reduction] rest solely with the United States Attorney for the Middle District of Florida." The defendant signed the plea agreement based on the understanding that his cooperation met the policy of the Middle District yet the government failed to move the Court for a reduction. The wording in the plea agreement stated that the MAXIMUM sentence for 18 U.S.C. 1028A is 24 months. The plea agreement misled the Defendant and the government knew or should have known that the plea agreement contained material inaccuracies. The Defendant was unaware that 18 U.S.C. 1028A carries a MANDATORY 24 month consecutive sentence and not maximum sentence of 24 months. If the Defendant was apprised of the mandatory nature of 18 U.S.C. 1028A either by the plea agreement or counsel the Defendant would have proceeded to trial.

(cv Dkt. 3 at 4) (alterations in original).

In Ground Two, he alleges that

> The record is well developed that Rahmaan's counsel was ineffective. Counsel had Rahmaan sign a defective plea agreement and failed to advise the client of the minimum mandatory associated with 18 U.S.C. 1028A. The Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) established a two prong test; (1) was the counsel's performance deficient and (2) did the deficient performance prejudice the defense. In the instant case the counsel's performance meets both prongs as established in Strickland.

(Id. at 5).

And in Ground Three,

> Rahmaan contends and the record demonstrates that Rahmaan was a minor participant. Rahmaan's ill-gotten gains were less than $2,600 from the alleged conspiracy. Rahmaan was working under the direction and supervision of Larry Chance Cox, who was the beneficiary of the bulk of the ill-gotten gains and the leader and organizer. Agents from the Postal Inspection Service executed a search warrant at Cox's residence and discovered 22,000 pieces of PIIs. When agents confronted Rahmaan, the defendant agreed to assist the government [DE 105, pp 4-5] and in return the government agreed to move the court for a downward departure based on U.S.S.G. 5K1.1 in accordance with the policy of the United States Attorney for the Middle District of Florida. Rahmaan was substantially less culpable than the other participants in criminal activity. His involvement, knowledge and cupability (sic) were materially less than the other participants who

> were more cupable (sic). The government failed to adhere to the terms of the plea agreement and Rahmaan's counsel failed to motion the court for a downward departure based on 3B1.2. The result of the government's breach of the plea agreement and Rahmaan's ineffective counsel resulted in the defendant being sentenced to a higher term of incarceration then necessary.

(Id. at 6-7).

In summary, Rahmaan raises several claims relating to his "defective plea agreement" (Grounds One and Two) and his sentence (Ground Three). (Id. at 4-6). He requests a "[r]esentencing taking consideration of minor role reduction." (Id. at 12). In its opposition, the United States contends that all claims are without merit and Grounds One and Three are procedurally defaulted. (cv Dkt. 7).

## STANDARD

To establish ineffective assistance of counsel, Rahmaan must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show
> his plea was not voluntary because he received advice from counsel that

was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *see also Lafler v. Cooper*, 566 U.S. 156 (2012).

Relevant here, counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the client can make an informed decision between pleading guilty and going to trial. *Id.* That said, a guilty plea may be collaterally attacked on the ground that counsel did not provide reasonably competent advice. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (citations omitted); *see also Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992 (1982) (guilty plea waiver does not extend to claims of ineffective assistance of counsel that attack the voluntariness of the plea). Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 2:14-CV-584-FtM-38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

Since Rahmaan does not demonstrate that he was prejudiced as a result of any deficient performance on the part of counsel, his ineffective assistance of counsel claims fail. Moreover, the claims relating to his sentence independent of his ineffective assistance of counsel claims are not cognizable in a § 2255 proceeding, "as they fail[] to allege a constitutional violation." *Marion v. United States*, No. 16-15971-G, 2017 WL 8233896, at *7 (11th Cir. Oct. 24, 2017); *see*

*also Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (concluding that on a § 2255 motion a prisoner may only challenge a sentencing error "when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). And as will be discussed, those claims are procedurally defaulted because Rahmaan did not raise them on direct appeal. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").

With respect to his claims of ineffective assistance of counsel in Grounds One and Two, which he implicitly contends undermined the knowing and voluntary nature of his guilty plea, his Rule 11 change of plea hearing demonstrates that his guilty plea was knowing and voluntary. While under oath, he agreed to the factual basis in the plea agreement (cr Dkt. 179 at 20) and confirmed he had not been threatened or coerced to plead guilty (id. at 7), and that he had discussed his decision with counsel before entering his plea (id.). He further confirmed that he understood the potential penalties (id. at 8-10, 12), that the recommendations in the plea agreement were not binding on the court (id. at 7), that the sentencing guidelines were advisory and the court could impose a sentence greater or less than the guidelines range (id. at 11-12), and that he waived his constitutional rights by pleading guilty, including his right to a jury trial (id. at 8, 13-14).

And with respect to his claim of ineffective assistance of counsel in Ground Three, Rahmaan fails to show that his counsel was deficient in failing to move for a minor role reduction pursuant to U.S.S.G. § 3B1.2(b).

7

### *Grounds One and Two – Ineffective Assistance Claims Relating to the Plea Agreement*

As the United States correctly contends, Grounds One and Two are "intrinsically intertwined." (cv Dkt. 7 at 11). In Ground One, Rahmaan asserts that if he "was apprised of the mandatory nature of 18 U.S.C. 1028A either by the plea agreement or counsel [he] would have proceeded to trial." (cv Dkt. 3 at 4). And in Ground Two, he contends that "Counsel had [him] sign a defective plea agreement and failed to advise [him] of the minimum mandatory associated with 18 U.S.C. 1028A." (Id. at 5). Both grounds relate to the misstatement in the plea agreement that Count Sixteen carried a "maximum," rather than "mandatory," sentence of two years imprisonment, consecutive to any term of imprisonment on Count One. (cr Dkt. 105 at 1-2). In short, Rahmaan contends that because of this error, his counsel was ineffective in (1) letting him sign the plea agreement and (2) not informing him of the correct penalties he faced.

Rahmaan's claim that he was not apprised of the correct penalties he faced prior to pleading guilty is belied by the record.[3] Regardless of the error in the plea agreement, and even if Rahmaan misunderstood the sentence he faced on Count Sixteen before changing his plea, his Rule 11 colloquy demonstrates that he entered a knowing and voluntary guilty plea with a full appreciation of the potential penalties he faced, including the mandatory consecutive two year sentence on Count Sixteen, and therefore contradicts the assertions he now makes.

Indeed, after hearing from both parties about the error in the plea agreement, the Court questioned Rahmaan during the Rule 11 colloquy to make sure he understood the penalties he was

---

[3] Rahmaan's counsel filed an affidavit in which he avers that after having lengthy discussions about whether to plead guilty or go to trial, Rahmaan instructed him to negotiate a plea agreement with the United States. (cv Dkt. 7-1 ¶ 3). He further avers that Rahmaan "specifically understood that . . . Count Sixteen would be a two (2) year minimum-mandatory sentence consecutive to the term of months in Count One." (Id. ¶ 5). These averments, which Rahmaan does not expressly refute, demonstrate that Rahmaan was fully aware of the consequences of pleading guilty.

In any event, it is unnecessary to rely on counsel's affidavit to resolve the § 2255 motion, and an evidentiary hearing is not required because the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

facing:

> THE COURT: . . . Your aggravated identity theft count in Count 16 is different. That carries a two-year period of imprisonment mandatory and it's consecutive, that is it follows whatever sentence you receive for the conspiracy offense.
> . . .
> Do you understand the penalties you face?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you specifically understand that the sentence you receive in Count Two (sic) is to be consecutive to the sentence you receive in Count One?[4]
>
> THE DEFENDANT: Yes, sir.

(cr Dkt. 179 at 9-10).

To the extent Rahmaan now contends that he did not understand the penalties he faced based on his counsel's deficient performance, that contention is belied by his sworn answers to the Court's inquiry during his change of plea hearing. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) ("There is a strong presumption that statements made during the plea colloquy are true."). And even if counsel's performance was deficient, Rahmaan fails to show that he suffered prejudice as a result of counsel letting him sign the plea agreement, where, as here, the Rule 11 colloquy cured any misadvice by counsel. *See Frazier v. United States*, Case No. 17-

---

[4] To the extent Rahmaan argues in his Reply that the Court's erroneous reference to Count Two, rather than to Count Sixteen, added to his confusion regarding the penalties he faced, that contention is without merit. (cv Dkt. 9 at 1-2). Throughout the change of plea, the Court referenced the two counts that Rahmaan was pleading guilty to. *See, e.g.*, (cr Dkt. 179 at 4 ("According to your plea agreement, you agree to enter pleas of guilty to Count One, which charges you with conspiracy, and Count 16, which charges you with aggravated identity theft.")).

And to the extent he purports to raise an ineffective assistance claim in that his counsel "failed to request clarification from the Court as to the Court's erroneous instructions as to which count carried a mandatory minimum . . .," that claim is waived as it was raised for the first time in his reply. (cv Dkt. 9 at 2); *see Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) (concluding that petitioner waived ineffective assistance of counsel claim that was not raised in Section 2255 motion, but rather raised for the first time in reply to government's response); *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n. 11 (11th Cir. 2009) ("Because they raised this argument for the first time in their reply brief, we treat this argument as waived."); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006); *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief.").

12151-G, 2018 WL 6046417, * 3 (11th Cir. Oct. 31, 2018) (finding that petitioner could not establish prejudice in light of his acknowledgment during his change of plea that he understood the possible penalties he faced).

Indeed, the change of plea colloquy demonstrates that Rahmaan was asked twice whether he understood that Count Sixteen carried a mandatory two-year consecutive term of imprisonment, to which he replied "Yes, sir." (cr Dkt. 179 at 9-10); *see also Barker v. United States*, 7 F.3d 629, 633-34 (7th Cir. 1993) (finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing). Moreover, even after the Court corrected the error in the plea agreement, Rahmaan confirmed that he was satisfied with counsel's advice and representation. (cr Dkt. 179 at 14). Accordingly, because he has failed to demonstrate actual prejudice, his claims of ineffective assistance in Grounds One and Two are denied.

### *Ground Three – Ineffective Assistance Claim Relating to Sentencing*

In Ground Three, Rahmaan contends that his counsel was ineffective in failing "to motion the court for a downward departure based on 3B1.2." (cv Dkt. 3 at 7). In support, he states:

> Rahmaan contends and the record demonstrates that [he] was a minor participant. [His] ill-gotten gains were less than $2,600 from the alleged conspiracy. [He] was working under the direction and supervision of Larry Chance Cox, who was the beneficiary of the bulk of the ill-gotten gains and the leader and organizer. Agents from the Postal Inspection Service executed a search warrant at Cox's residence and discovered 22,000 pieces of PIIs. . . . Rahmaan was substantially less culpable than the other participants in criminal activity. His involvement, knowledge and cupability (sic) were materially less than the other participants who were more cupable (sic).

(Id. at 6-7). And he contends that because counsel was deficient, he was "sentenced to a higher term of incarceration then (sic) necessary." (Id. at 7).

The United States responds that "Rahmaan's conduct was not minor," "[it] had previously

'rejected the argument of a minor role applying,'" and that "Counsel's performance is far from deficient by strategically choosing mitigating arguments." (cv Dkt. 7 at 16-17). The United States also contends that even if Rahmaan can demonstrate a deficiency in counsel's performance, he cannot establish actual prejudice. (Id. at 17).

In his Reply, Rahmaan does not raise a new argument or provide new facts related to his ineffective assistance claim in Ground Three. Rather, he attempts to add a new claim that counsel was ineffective in failing "to prepare for the sentencing hearing by being clueless to the Brady evidence as to the number of alleged victims and thus withdrew the objection at the last minute." (cv Dkt. 9 at 2 (citing cr Dkt. 177 at 3-4)).[5] Regardless, for the reasons discussed, his ineffective assistance claim in Ground Three fails.

Under U.S.S.G. § 3B1.2(b), a defendant's offense level may be decreased by two levels if he establishes that he was a minor participant in the crime. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (citation omitted). A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. The Eleventh Circuit has instructed that a district court should "consider two principles: 1) the defendant's role measured against the relevant conduct for which []he has been held accountable at sentencing; and 2) [his] role as compared to other participants in that relevant conduct." *United States v. Rodriguez*, 751 F.3d 1244, 1258 (11th Cir. 2014). And because the application of § 3B1.2 "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case," the court should consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

---

[5] This claim is waived, since he raised it for the first time in his reply. *See Oliveiri*, 717 F. App'x at 967.

> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt. n.3(C).

Unless a defendant is "substantially less culpable than the average participant," he is ineligible for a mitigating role adjustment. U.S.S.G. § 3B1.2(b). And the defendant bears the burden of proving by a preponderance of the evidence that he is entitled to the mitigating role adjustment. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). Moreover, "[i]t is entirely possible for conspiracies to exist in which there are no minor participants. . . . [T]he fact that a participant defendant may be the least culpable among those who are actually named as defendants does not establish that he performed a minor role in the conspiracy." *United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir. 1991).

In summary, Rahmaan fails to demonstrate his counsel was ineffective in failing to seek a mitigating role adjustment, or if he had, there is a reasonable probability that he would have been entitled to a mitigating role adjustment and that his sentence would have been less than what he received. Rather, as the United States correctly contends, he was not entitled to a minor role reduction since his assertions "merely support mitigation" and do not "paint[] a complete picture." (cv Dkt. 7 at 16). This claim therefore fails.

First, Rahmaan does not establish that he played a minor role in the offenses to which he

pleaded guilty. During his change of plea hearing colloquy, he admitted that he knowingly and willfully agreed with others to obtain and use stolen personal identifiable information to apply for credit cards and file false tax returns, and to share in those profits. (cr Dkt. 179 at 20).

Second, his assertion that "he was working under the direction and supervision" of a co-conspirator does not diminish the role that he played in the scheme. (cv Dkt. 3 at 6). Indeed, although Rahmaan did not organize the scheme, he "frequently communicated" with the organizer regarding the arrangement he made to use his family's addresses as "drops" to receive fraudulent credit cards.[6] (PSR ¶¶ 19, 20, 28; cr Dkt. 105 at 17-20). And in his Plea Agreement he stipulated to the facts underlying his participation in the offense, demonstrating that he was an active participant in the scheme, using fraudulently obtained credit cards for "multiple fraudulent transactions." (cr Dkt. 105 at 17-21). And although he asserts that his "ill-gotten gains were less than $2,600," he does not sufficiently explain or support with authority how that entitles him to a minor role reduction. (cv Dkt. 3 at 6). Rather, the undisputed facts demonstrate that he obtained those gains by using a fraudulent credit card "for multiple fraudulent transactions at Tampa-area retailers and ATMs . . . ." (PSR ¶ 33; cr Dkt. 105 at 18-19). Applying this conduct to the factors in § 3B1.2's commentary, a minor role adjustment would have been inappropriate. *See Zaccardi*, 924 F.2d at 203. Counsel was therefore not ineffective in failing to request a minor role adjustment.[7] *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir.

---

[6] Rahmaan does not contend that the facts in his PSR are inaccurate. *See United States v. Davis*, 233 F. App'x 944, 945-46 (11th Cir. 2007); *see also United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009) (noting that a district court "may base its factual findings on undisputed statements found in the [PSR], because they are factual findings to which the defendant has assented").

[7] In his affidavit, counsel avers that a minor role reduction was considered, brought to the attention of the United States Attorney's Office when negotiating the plea agreement, and rejected as it applied to Rahmaan. (cv Dkt. 7-1 ¶ 4). He further avers that

> [b]efore the Sentencing, Mr. Rahmaan and the undersigned went through his PSR and all objections that the undersigned would make. We discussed the possibility of making an objection to the PSR for minor role but after talking with the Assistant United States Attorney, we – Mr. Rahmaan and I

2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

Because the two-level adjustment for a minor role did not apply to Rahmaan, he cannot establish resulting prejudice from counsel's failure to seek the adjustment. Indeed, there is no indication the Court would have applied the reduction had counsel raised the issue. In the absence of deficient performance and prejudice, Rahmaan's ineffective assistance claim in Ground Three fails. *See Strickland*, 466 U.S. at 691-92.

### Procedurally Defaulted Claims in Grounds One and Three

To the extent Rahmaan purports to raise claims concerning his plea agreement and guidelines calculation independent of his ineffective assistance of counsel claims in Grounds One and Three, the United States correctly contends that these claims are procedurally defaulted. And Rahmaan fails to show, or even attempt to show, cause for his procedural default, resulting prejudice, or actual innocence excusing his default.

Specifically, Rahmaan claims that his attorney was ineffective in failing to move for a mitigating role adjustment and by allowing him to sign an inaccurate plea agreement. To the extent he purports to raise these claims independent of his ineffective assistance of counsel claims, he failed to raise them on appeal and therefore procedurally defaulted them. *See McKay*, 657 F.3d at

---

– decided against it for three (3) reasons. One reason was that factually he did not have a minor role in the conspiracy as outlined in Paragraphs 19-36 in the PSR. Secondly, the undersigned knew that the Court was unlikely to find Mr. Rahmaan had a minor role because of the undersigned's familiarity with prior similar cases before the Court. Lastly, the undersigned knew that if the minor role objection was made, the United States Attorney's Office would vehemently oppose it and would illustrate and highlight the damaging facts that could negatively influence the Court when fashioning a reasonable sentence. It was a strategic decision to not make an objection as to minor role.

(Id. ¶ 7) (emphasis in original). These averments, which Rahmaan does not refute, demonstrate that a minor role reduction was considered, discussed with Rahmaan and the United States, and for strategic reasons, not raised at his sentencing. *See McNeal v. Wainwright*, 722 F.2d 674, 676 (11th Cir. 1984) ("Counsel will not be deemed unconstitutionally deficient because of tactical decisions.").

In any event, it is unnecessary to rely on counsel's affidavit to resolve this claim, and an evidentiary hearing is not required because the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

1196.

Generally, a defendant who fails to raise a claim on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of either cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012). To show cause for not raising these claims on direct appeal, Rahmaan must show that "some objective factor external to the defense" prevented him from raising the claims on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004). He makes no such showing. And while ineffective assistance of counsel may constitute cause for a procedural default, if it is demonstrated that the procedural default was caused by constitutionally ineffective assistance, *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002), Rahmaan fails to make a showing of ineffective assistance which prevented him from appealing. He does not attempt to make any such showing.

First, as for his contention that his guilty plea was rendered involuntary and unknowing because of counsel's alleged deficient performance in allowing him to sign the erroneous plea agreement, the Supreme Court instructs that "it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked" and "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also United States v. Goodman*, No. 3:14-cr-98/TKW/EMT, 2019 WL 4145069, at *16 (N.D. Fla. Aug. 9, 2019), *report and recommendation adopted*, 2019 WL 4144309 (N.D. Fla. Aug. 30, 2019).

Second, as for his claim that he should have received a mitigating role adjustment, the record belies that claim, and accordingly, to the extent he suggests counsel should have appealed,

he makes an insufficient showing of ineffective assistance of counsel as cause for failing to appeal. *See Freeman*, 536 F.3d at 1233 ("A lawyer cannot be deficient for failing to raise a meritless claim . . . .").

Indeed, counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. *Payne v. Allen*, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)). To the extent a liberal construction of Rahmaan's Reply suggests that counsel's ineffectiveness satisfies the cause exception, he must demonstrate that the claim of ineffective assistance has merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). He cannot make that showing. Moreover, the record refutes any claim of actual innocence. Rahmaan admitted the accuracy of the stipulated facts in his plea agreement and confirmed under oath during his plea colloquy that he was guilty of the offenses to which he was pleading. Those sworn representations constitute a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Accordingly, the claims in Grounds One and Three independent of his claims of ineffective assistance are procedurally defaulted. *See McKay*, 657 F.3d at 1196.

**Alternatively, the Claims in Grounds One and Three Fail on the Merits**

Even if the claims independent of his ineffective assistance claims in Grounds One and Three are not procedurally defaulted and are cognizable, they are without merit.

In Ground One, Rahmaan contends that his plea agreement was defective. (cv Dkt. 3 at 4). Specifically, he includes two additional claims in Ground One:

(1) The plea agreement is contradictory and misleading as to the government's obligations. The plea agreement states "in accordance with the policy of the United States Attorney for the Middle District of Florida" yet it goes on to state "[the decision to move the court for a reduction] rest solely with the United States Attorney for the Middle District of Florida." The defendant signed the plea agreement based on the understanding that his cooperation met the policy of the Middle District yet the government failed to move the Court for a

16

reduction.

(2) The wording in the plea agreement stated that the MAXIMUM sentence for 18 U.S.C. 1028A is 24 months. The plea agreement misled the Defendant and the government knew or should have known that the plea agreement contained material inaccuracies. The Defendant was unaware that 18 U.S.C. 1028A carries a MANDATORY 24 month consecutive sentence and not maximum sentence of 24 months. If the Defendant was apprised of the mandatory nature of 18 U.S.C. 1028A . . . by the plea agreement . . . the Defendant would have proceeded to trial.

(Id.).

The record demonstrates that Rahmaan's claims that "[t]he plea agreement is contradictory and misleading as to the government's obligations" and that "the government failed to move the Court for a reduction" are without merit. *See* (cr Dkt. 177 at 9-11). Indeed, the United States fulfilled its promise under the plea agreement to consider whether any information Rahmaan provided rose to the level of substantial assistance, by moving for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1. *See* (cr Dkt. 158; cr Dkt. 177 at 9-11). And the downward departure was granted. (cr Dkt. 177 at 11). Accordingly, his claims relating to the United States' obligations are belied by the record and due to be denied.

Rahmaan's second contention that "[t]he plea agreement misled" him and that if he "was apprised of the mandatory nature of 18 U.S.C. 1028A . . . by the plea agreement . . . [he] would have proceeded to trial" is likewise without merit.

First, although a guilty plea must be "voluntary" and "intelligent," Rahmaan failed to object to the Magistrate Judge's Report and Recommendation concerning his guilty plea. *See United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009) (finding argument that guilty plea was not entered intelligently and knowingly waived because of failure to object to report and recommendation). Second, the Magistrate Judge fulfilled the requirements of Rule 11, which "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Symington*, 781 F.3d

17

1308, 1314 (11th Cir. 2015) (citation omitted). That inquiry "must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Id.* (internal quotation marks and citations omitted).

As discussed, Rahmaan's plea colloquy demonstrates that the three core concerns of Rule 11 were met. He acknowledged that the guilty plea was free from coercion (cr Dkt. 179 at 7), that he understood the nature of the charges (id. at 18-19) and was aware of the consequences of his guilty plea (id. at 8-10, 12), including that he was waiving his constitutional right to a jury trial (id. at 8, 13-14). *See United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013). He was also informed that the aggravated identity theft offense carried a statutory mandatory sentence of two-years to run consecutive to any other sentence. (cr Dkt. 179 at 8-10, 12). Moreover, the evidence supporting the offenses to which he pleaded guilty was undisputed.[8] Accordingly, Rahmaan's plea was knowing and voluntary, and he was adjudicated guilty. (Id. at 21; cr Dkt. 113).

In sum, he has not demonstrated that his guilty plea was involuntary and unknowing. The remaining claims in Ground One are therefore due to be denied.

In Ground Three, Rahmaan repeats his allegations that the United States breached the plea agreement, stating:

> [T]he government agreed to move the court for a downward departure based on U.S.S.G. 5K1.1 in accordance with the policy of the United States Attorney for the Middle District of Florida. . . . The government failed to adhere to the terms of the plea agreement. . . . The result of the government's breach of the plea agreement . . . resulted in the defendant being sentenced to a higher term of incarceration then necessary.

---

[8] During Petitioner's Rule 11 colloquy, the Court asked Rahmaan if the factual basis in his plea agreement was "true and correct as it applies to [him]." (cr Dkt 179 at 20). Under oath, Rahmaan expressed no disagreement with those facts, and again admitted that he knowingly and willfully "agree[d] with others to obtain and use stolen personal identification information and apply for credit cards that were fraudulent so as to collect money" that was not his. (Id.).

(cv Dkt. 3 at 6-7). This argument, which mirrors his contention in Ground One, is belied by the record. As discussed, Rahmaan received a reduction based on the United States' U.S.S.G. § 5K1.1 motion. (cr Dkt. 158; cr Dkt. 177 at 3, 9-11). Accordingly, this contention is without merit.

Since the record demonstrates that Rahmaan's claims are without merit, an evidentiary hearing is unnecessary. Accordingly, Rahmaan's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 3) is **DENIED**.

### Certificate of Appealability ("COA")

Rahmaan is not entitled to a COA. To obtain a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). He cannot make this showing and is therefore not entitled to a COA or to appeal *in forma pauperis*.

**DONE AND ORDERED** this 17th day of March, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record